{¶ 121} I respectfully dissent on the sixth assignment of error. I must first review the case law upon which the majority relies.
 {¶ 122} In State v. Gates, ante, this court found R.C. 2929.14(D)(2) "constitutionally infirm." In that opinion we explained: "The enhanced penalty is not so much a function of a prior conviction as it is a function of additional factual findings. Thus, Ohio's statutory scheme for additional punishment for repeat violent offenders is outside the scope of Apprendi's prior conviction exception. Apprendi demands that any findings which result in additional prison time beyond the statutory maximum for the charged offense must be found by a jury beyond a reasonable doubt. Thus Ohio's statute which requires the trial judge to make the findings on recidivism and the relative seriousness of the crime pursuant to an unspecified burden of proof is constitutionally infirm. Appellate counsel could have and should have raised this argument * * *." ¶ 15. Gates went on, however, to observe that "whether Ohio's repeat violent offender enhancement statute is constitutional is within a developing area of the law * * *." Thus we concluded that appellate counsel was "not deficient for failing to anticipate developments in the law or failing to argue such an issue." ¶ 21.
 {¶ 123} This court subsequently reviewed this statute again in Statev. Stanley, ante. Stanley cited Apprendi, ante, as saying, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Stanley also followed Gates, in interpreting the phrase "other than the fact of a prior conviction" as laying down an exception when "the statute provided for the enhanced punishment merely upon establishing the prior conviction. * * *" ¶ 24. InGates, however, the court went on to clarify that what made the statute questionable was that the enhancement in the Ohio statute was to be made not solely upon the prior conviction but had added criteria: the likelihood of recidivism and the relative seriousness of the crime. The court then speculated it would be "anomalous" to declare the statute unconstitutional when the need to meet more criteria about the prior conviction offered further protections for the defendant.[1] TheStanley court mistakenly relied solely on this hypothetical part of the analysis and ignored the larger context: the opinion had already clearly said these specific provisions made the statute "constitutionally infirm."
 {¶ 124} Gates concluded that "the issue of the constitutionality of Ohio's sentencing scheme for a repeat violent offender is in a developing area of the law." Because of the ambivalence of the discussion in Gates
and its ultimate decision to see the issue as developing, I cannot agree with the decision in Stanley that Gates found the statute constitutional. The ultimate focus in Gates[2] was on the question of whether the case should be reopened on the basis of ineffective assistance of counsel in 2001 because of the Apprendi decision in 2000.
 {¶ 125} Moreover, I must disagree with the analysis in Stanley, citingGates, as to whether the statute is constitutional because it "is more
protective." ¶ 20. The issue is not how "protective" the statute is or how many more criteria can be added. The issue is who decides.
 {¶ 126} As Appellant noted in oral argument, the U.S. Supreme Court had issued another opinion after this court's decision in Gates: Ring v.Arizona (2002), 536 U.S. 584. In Ring the U.S. Supreme Court reversed the Supreme Court of Arizona, which had held that additional facts found by the judge qualified as sentencing considerations, not as "elements of the offense of capital murder." At 588. Quoting Apprendi, the U.S. Supreme Court stated, "the Sixth Amendment does not permit a defendant to be `exposed * * * to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone." [Apprendi] at 483. This prescription governs, Apprendi determined, even if the State characterizes the additional findings made by the judge as `sentencing factors.' Id., at 492. * * * Capital defendants, no less than non-capital defendants, we conclude, are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Ring at 564.
 {¶ 127} As Griffin and Katz observe: "The fact-determining and weighing process prescribed in RC 2929.14(D)(2)(b) is similar to that assigned to an Ohio jury in deciding whether to recommend the death penalty in aggravated murder prosecutions. Thus, Apprendi, Jones, andRing would seem to require that any relevant RC 2929.12 factors be presented to a jury, and that the enhanced penalty can be imposed only if the jury finds beyond a reasonable doubt that aggravating factors under RC 2929.12(B) and (D) exist * * *." Ohio Felony Sentencing Law (2003 Edition), § 2.23.
 {¶ 128} I must conclude that the Repeat Violent Offender statute is unconstitutional on its face because it allocates to the trial judge what remains exclusively with the domain of the jury: factual determinations as to aggravating factors that would enhance the sentence beyond the statutory maximum for a given crime. Applying Apprendi and Ring to this statute, I find that an enhancement based solely on the trial judge's findings would violate defendant's Sixth Amendment rights.
[1] The court also observed that the "defense probably would not want the jury to know anything about the prior conviction." Bifurcating the trial on these issues would have resolved this problem.
The Gates court noted that other courts had "rejected constitutional attacks based on Apprendi. The case cited, State v. McCoy, however, is clearly distinguishable. It dealt with the enhanced penalty under the major drug offender specification. That statute is constitutional if it is the jury that decides whether the defendant is a "major drug offender." That finding authorizes the judge to impose the enhanced penalty. But the underlying finding that justifies the enhancement is decided by the jury. Under the challenged statute in the case at bar, however, the jury does not make the findings regarding likelihood of recidivism or seriousness of the crime.
[2] The appellate court also noted that trial counsel had entered into a pre-Apprendi stipulation to the prior offense and thus was not in a favorable position to raise an Apprendi claim.